UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAGNETICS, INC., | * | CASE No. 3:19-cv-363 |
| Appellant, | * | JUDGE THOMAS M. ROSE |
| v. | * | **APPELLEES RESPONSE TO APPELLANT'S MOTION TO STAY BANKRUPTCY COURT'S OCTOBER 25, 2019 ORDER AND FOR APPROVAL OF A SUPERSEDEAS BOND** |
| KENNETH KAYSER, et al., | | |
| Appellees | | |

Appellees, Kenneth Kayser, et al., file this response with the District Court as pro se parties regarding Tagnetics request to stay the bankruptcy court October 25, 2019 Court Order.

## BACKGROUND

Tagnetics filed a motion to force settlement upon the pro se parties based on a draft settlement agreement offered on August 14, 2019. The pro se parties requested changes to the draft Settlement Agreement on August 16 to include items that were thought to be agreed upon during the negotiations. In addition, issue was raised specifically about the terms of the mutual release. It was clearly stated in that response that the pro se parties understood the agreement was between Tagnetics and the pro se parties and not the callout for Compass Marketing. The pro se parties expressed concern about the broad scope of the release and requested it be revised. Tagnetics response to this request was to state their understanding of the full mutual release and did not consider further discussion nor offer any modifications to the release statements. Subsequently Tagnetics filed a Motion to Enforce Settlement Agreement with the Bankruptcy Court.

The pro se parties requested an Evidentiary Hearing to discuss the merits and concerns of the enforced settlement to include the position that there was not a meeting of the minds and therefore the draft Settlement Agreement did not represent an agreed settlement. Tagnetics argued in court that the terms of the agreement were the key terms provided in the email on July 26 and nothing should be added beyond those terms. The Bankruptcy Court agreed with that argument and granted the Motion to Enforce Settlement Agreement. Since the email of July 26 was argued as the complete settlement agreement, the Court used the exact details included in that email to constitute the Court Order. Just as Tagnetics argued that the pro se parties failed to clarify or add any additional liabilities to the settlement email on July 26, the Bankruptcy Court

accurately assessed that the full mutual release statement applied only to the parties that were addressed in the email. Those parties were Kayser, Earley, Hager and Tagnetics. The fact that Tagnetics failed to clarify that the full mutual release extended past Tagnetics, the entity, was an oversight on their part.

In Tagnetics request for a Stay they argue that the Bankruptcy Court could not reform a contract but indeed the Court only followed the argument made by Tagnetics that the email represented the terms of the agreement verbatim. The Bankruptcy Court ruled equally with respect to each party where terms that the pro se parties understood to be part of the agreement could not be added and additional clarification or expanded scope of the releases for Tagnetics could not be added. The pro se parties felt this was a balanced decision that did not favor either party. In the Evidentiary Hearing Tagnetics argued that there was a meeting of the minds and presented their case. The Court ruled in their favor. For Tagnetics to now retract that statement and say there was not a meeting of the minds because they felt they did not get all the benefits they sought from the Evidentiary Hearing does not seem to be a proper use of our Court system. They sought a judgement, prepared and presented a case and if they did not do that adequately enough to meet their goals, then that is a mistake on their part not a mistake on the part of the Court.

The pro se parties request the Appeals court does not grant a Stay for the following reasons:

1) The pro se parties filed a Petition for Involuntary Bankruptcy for Tagnetics because Tagnetics had not been paying its debts including its contractual obligation to the three pro se parties. Despite repeated requests for payment over the course of 2 years, Tagnetics avoided making any of these payments, thereby ignoring the terms of legal employment agreements. The pro se parties sought the path of Involuntary Bankruptcy as the only reasonable means to recover the payment for their employment. Despite Tagnetics request to force the settlement through arbitration, the Court determined arbitration would be too long of a process and that the Court would encourage a settlement to be reached in short order. Five moths later, Tagnetics has not provided any monetary relief and continues to request delays in providing any monetary relief.

2) Tagnetics is seeking an Appeal for the scope of the release in the Court Order settlement agreement and not the monetary payments. If they were to prevail in the Appeal, they would be seeking a modification to the terms of the release and not the monetary settlement. If they expect the Court Order be made null and void and therefore no terms have been agreed, the Bankruptcy Court will be urged to reschedule the Bankruptcy Hearing.

3) Tagnetics sought a Stay with the Bankruptcy Court on October 30, 2019 which was denied on November 15, 2019 due to Tagnetics not following proper procedure and not satisfying the 4-part test to support the Stay. Tagnetics is represented by 5 attorneys including attorneys that are licensed in the State of Ohio. It would have been expected they would follow proper procedure.

4) In the response by the Court refusing the Stay, the Court provided a very clear statement that Tagnetics could seek a Stay with the District Court. The last line of the Order stated "This order is, of course, without prejudice to any stay relief Tagnetics may seek from the District Court." Tagnetics did not file any request for a Stay until January 30, 2020 after being clearly reminded by Judge Humphreys on a telephonic hearing on January 28, 2020. Tagnetics has not followed

the Court Order of October 25, 2019 despite having their requested Stay denied on November 15, 2019. It has now been over 90 days that Tagnetics has not followed the Court Order and had not requested a Stay from the District Court. Tagnetics has 5 attorneys addressing this matter. Requesting the Stay at this time is simply another method by which Tagnetics is avoiding any obligation to paying its debts to the pro se parties.

5) Tagnetics has now applied the 4-part test to their Request for Stay with the District Court.

    a) Tagnetics argued that they are likely to prevail in their Appeal. They argue the language of full mutual release is standard and routinely includes affiliates, BOD and related parties of the named party Tagnetics. Though that may be true for general releases in some agreements where both parties understand that to be the case, Tagnetics was adamant in their argument at the Evidentiary Hearing that the email of July 26, 2019 represented the agreement between the parties without ambiguity nor inferred meanings. The Court therefore took that email verbatim and was warranted in narrowing the scope of the release to only the parties specifically named in the email. Since the specifics of the email were argued to support their Motion to Enforce Settlement Agreement, the Court granted Tagnetics that position and parsed the specifics of the email to form the Court Ordered Settlement. The pro se parties do not see any error in this decision. The agreement signed by Kayser on behalf of KVL through his lawyer has no bearing on this argument since the basis of the Enforced Settlement Agreement was the specifics in the July 26 email.

    b) Tagnetics argued the question of irreparable harm. Tagnetics has owed the pro se parties significantly more funds than those agreed to in the settlement. These debts began accruing in 2016 and the lack of payment of these funds has had a deleterious effect on the pro se parties with impact on both their families and their business endeavors. The pro se parties brought action against Tagnetics in March of 2019 with an expectation of settlement. The pro se parties have been forced to agree to a significantly reduced monetary recovery in the settlement. Continued delays of the payment of this settlement have put undue burden on the pro se parties with impact on many of their financial decisions. It is not appropriate for the attorneys of Tagnetics to decide whether these financial strains may or may not incur irreparable harm to the pro se parties. Tagnetics does not state the lack of a Stay to incur irreparable harm upon Tagnetics since they have already agreed to the monetary terms and have repeatedly stated to the Bankruptcy Court that they are prepared to pay. If the Appeals Court determines the Court Order is invalid, the Bankruptcy Court can revise the original Court Order. It is very unlikely the Court Order will be eliminated in its entirety resulting in no settlement between the parties. It is also unlikely the Bankruptcy Court will reduce the monetary terms of the agreement. Any payments made at this time according the original Court Order will satisfy the terms of any revised Court Order and those payments will be acknowledged as payment already applied to the settlement. The pro se parties do not see any argument by Tagnetics where the lack of the Stay would result in irreparable harm to Tagnetics but do see the risk of irreparable harm to the pro se parties.

    c) Tagnetics argues that no other parties will be harmed by the Stay. The pro se parties disagree with this argument. Tagnetics has additional creditors that have not been paid. These creditors are not affiliated with the pro se parties but have made it known they are awaiting the

outcome of the settlement before continuing their collection process against Tagnetics. Tagnetics is aware of these creditors.

      d) Tagnetics argument regarding the impact on public interest is incorrect. The Stay will further prolong the negotiations with the pro se parties and will continue to hold the Petition for Involuntary Bankruptcy open for potential further litigation. In a letter to shareholders from Tagnetics Chairman, he stated this Court action is impairing Tagnetics ability to expand their business and achieve success. Tagnetics continued efforts to prolong this settlement and insert additional delays causes them harm, and harm to its shareholders and customers. Proceeding with the payments as laid out in the Court Order will benefit Tagnetics since it will demonstrate their commitment to paying their obligations. Tagnetics is not arguing the scheduled payments in their Appeal and therefore should expect the same or similar payments will be made in any subsequent settlement. Any argument about the potential litigation required to recover payments is only inferring that if the Appeal Court determines the Court Order is invalid then Tagnetics feels they will not be obligated to any monetary settlement, this is indeed not the case since the monetary settlement is what the pro se parties have sought in the first place.

Tagnetics argument for the 4-part test should inform the Court that granting the Stay and potentially ruling in favor of the terms of their Appeal will put Tagnetics in a favorable position in these negotiations. Granting the Stay by the District Court will reinforce the historical actions that have been taken by Tagnetics to avoid meeting their financial obligations. This decision will likely place the pro se parties in an even worse negotiating position after already agreeing to settle for significantly lower compensation than defined by their employment agreements. The pro se parties would like to add that Tagnetics has not made any attempt to negotiate any supplemental agreements with the pro se parties that may provide them with the release relief they are seeking. Instead Tagnetics continues to occupy the Court's time and spend public dollars to prolong the settlement process in hopes of an alternate outcome. The Bankruptcy Court saw this possibility and therefore ruled to enforce the settlement and prevent any further harm to the pro se parties and the public. Tagnetics avoidance of the terms of that Court Order shows disregard to the Court authority and disregard to the parties affected by their actions.

Kenneth Kayser et al., respectfully requests the District Court deny the Appellant's Motion to Stay Bankruptcy Court's October 25, 2019 Order and for Approval of a Supersedeas Bond [doc # 7].

Respectfully submitted,

*[signature]*

Kenneth W. Kayser, Appellee, pro se

P.O. Box 115

Catawba, VA 24070

Email: drkwkayser@gmail.com

*[signature: Ronald E. Earley]*

⬅ Ronald E. Earley, Appellee, pro se

6429 Winding Tree Drive

New Carlisle, OH 45344

Email: ronald.earley1@gmail.com

*[signature]*

Jonathan Hager, Appellee, pro se

842 Paint Bank Rd

Salem, VA 24153

Email: ctravlr@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, a copy of the foregoing Appellees Reply to Tagnetics *Appellant's Motion to Stay Bankruptcy Court's October 25, 2019 Order and for Approval of a Supersedeas Bond* was (i) submitted to the Clerk of the Court at the Courthouse and (ii) electronically by email to counsel for Tagnetics, Inc., and (iii) by ordinary US Mail on January 31, 2020 to the Office of the United States Trustee.

Stephen B. Stern, Esq.

Kagan Stern Marinello & Beard, LLC

238 West Street

Annapolis, Maryland 21401

Stern@kaganstern.com

Robert R. Kracht

McCarthy, Lebit, Crystal & Liffman CO., LPA

101 West Prospect Avenue, Suite 1800

Cleveland, OH 44115

rrk@mccarthylebit.com

Jeremy Shane Flannery

Office of the United States Trustee

170 North High Street

Suite 200

Columbus, OH 43215

*/s/ Ronald E. Earley*
_____
Ronald Earley, Appellee, pro se