# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TAGNETICS, INC., | ) | CASE NO. 3:19-cv-363 |
| | ) | |
| Appellant, | ) | JUDGE THOMAS M. ROSE |
| | ) | |
| v. | ) | APPELLANT'S REPLY IN SUPPORT |
| | ) | OF ITS MOTION TO STAY |
| KENNETH KAYSER, *et al.*, | ) | BANKRUPTCY COURT'S OCTOBER |
| | ) | 25, 2019 ORDER AND FOR |
| Appellees. | ) | APPROVAL OF A SUPERSEDEAS |
| | ) | BOND |

Appellant Tagnetics, Inc. ("Tagnetics"), by and through its undersigned counsel and pursuant to FED. R. APP. P. 8(a), files this Reply in Support of its Motion to Stay Bankruptcy Court's October 25, 2019 Order and for Approval of a Supersedeas Bond. While Appellees "oppose" Tagnetics' Motion, Appellees do not rebut Tagentics' arguments that demonstrate how and why Tagentics satisfies the four-part test to be granted a stay. For the reasons discussed in Tagentics' Motion and in this Reply, Tagnetics' Motion to Stay should be granted and a Supersedeas Bond should be approved.

With respect to the first part of the test – likelihood of prevailing on the merits – Appellees contend that they "do not see any error in [the Bankruptcy Court's] decision[,]" but they do not provide any argument whatsoever to counter the legal arguments proffered by Tagnetics. For example, Appellees do not cite a single court decision that contradicts or otherwise undermines the numerous cases Tagnetics cited that support Tagnetics' position that the phrase "full mutual releases (no carve outs)" necessarily applies to related parties, such as parent companies, subsidiaries, affiliates, officers, and directors. Furthermore, Appellees concede Tagnetics' alternative position, which is that if this Court were to determine that the phrase "full mutual releases (no carve outs)" does not apply to related parties then there was no meeting of the minds.

In this regard, Appellees contend that they sought an evidentiary hearing "to include the position that there was no meeting of the minds and therefore the draft Settlement Agreement did not represent an agreed settlement." *See* Opposition [Dkt. No. 8] at 1. Thus, Tagnetics is likely to prevail on the merits of its appeal and the first part of the test weighs in favor of granting a stay.

With respect to the second part of the test – irreparable harm – Appellees contend that they will be irreparably harmed by further delay in receiving the funds they are owed. *See* Opposition [Dkt. No. 8] at 3. Appellees even go so far as contending that Tagnetics' lawyers (and this Court) should disregard applicable law by contending that "[i]t is not appropriate for the attorneys of Tagnetics to decide whether these financial strains may or may not incur irreparable harm." *Id.* However, the law Tagnetics cited is clear in that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Indeed, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim for irreparable harm." *Id.* Appellees' self-serving opinion(s) in this regard is not sufficient to establish irreparable harm and contradict Sixth Circuit precedent. Appellees try to buttress their position by contending there is little risk that Tagnetics may ultimately pay a portion of a settlement that is ultimately ruled not to be enforceable by arguing "[i]t is very unlikely the Court Order will be eliminated in its entirety resulting in no settlement between the parties." *See* Opposition [Dkt. No. 8] at 3. This position, however, directly contradicts Appellees' position that there was no meeting of the minds, which is Tagnetics' alternate argument. Thus, at the very least, it seems the risk to Tagnetics that it might pay on a settlement that does not exist is very real. Either way, Appellees fail to show that there is even a

minimal risk, let alone a substantial risk, of them suffering irreparable harm if a stay is granted and the second part of the test weighs in favor of entering a stay.

With respect to the third part of the test – harm to other parties – Appellees do not proffer any legitimate basis upon which other parties might suffer harm in the event a stay is entered. In this regard, Appellees contend that "Tagnetics has additional creditors that have not been paid." *See* Opposition [Dkt. No. 8] at 3. Even if this assertion were true,[1] a stay does not affect any other creditors' rights whatsoever. Indeed, assuming that there are additional creditors, Appellees acknowledge that they "are not affiliated with the pro se parties [i.e., Appellees]." *Id.* Thus, a stay of the Bankruptcy Court's October 25, 2019 Order would not affect these alleged creditors in any way. Moreover, if those creditors believe they have viable claims, nothing is preventing them from making those claims in a separate proceeding and nothing prevented them from joining in Appellees' involuntary bankruptcy proceeding in the first place. Assuming these alleged creditors are in fact "awaiting the outcome of the settlement before continuing their collection process against Tagnetics" (as Appellees contend, of which there is no evidence to suggest this is in fact true),[2] that is at best a strategic choice of their own making that would not be affected in any way by a stay of the Bankruptcy Court's October 25, 2019 Order. Thus, the third part of the test weighs in favor of entering a stay.

Lastly, with respect to the fourth part of the test – public interest – Appellees make several, mostly incoherent, arguments, none of which demonstrate or even remotely suggest harm to the public interest. For example, Appellees contend that a stay will "prolong the negotiations with the pro se parties." *See* Opposition [Dkt. No. 8] at 4. Assuming this is true (again, which there is no evidence to support one way or the other), such an outcome would advance the public interest,

---

[1] Notably, Appellees proffer no evidence to support this bald assertion.
[2] *Id.*

which is to have parties resolve disputes on their own without resorting to court intervention. Also by way of example, Appellees refer to some letter to Tagnetics' shareholders, but they do not cite to or attach this letter. In addition, Appellees claim that a stay would harm Tagnetics' shareholders and customers, but they do not provide any basis to support this conclusion. Even if there were some evidence proffered by Appellees, which there is not, Tagnetics strongly disagrees with this assertion and, instead, believes it is protecting its shareholders by ensuring it gets a release that adequately protects the company and its related parties or, in the alternative, it does not pay a settlement that does not provide the protection it believes it obtained when it thought it reached a settlement. Thus, the fourth part of the test weighs in favor of entering a stay.

For these reasons, as well as those articulated in Tagnetics' Motion to Stay, the Motion to Stay and to Approve a Supersedeas Bond should be granted.

Dated: February 14, 2020

Respectfully submitted,

*/s/ Nicholas R. Oleski*
Robert R. Kracht (0025574)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115
Telephone:   (216) 696-1422
Facsimile:    (216) 696-1210
Email:         rrk@mccarthylebit.com
                 nro@mccarthylebit.com

Stephen B. Stern (*pro hac vice*)
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Telephone:   (410) 216-7900
Facsimile:    (410) 705-0836
Email:         stern@kaganstern.com

*Attorneys for Appellant Tagnetics, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2020, a copy of the foregoing Appellant's Reply in Support of its Motion to Stay Bankruptcy Court's October 25, 2019 Order and for Approval of a Supersedeas Bond was served (i) **electronically** on the date of filing through the Court' s ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) electronically by email on counsel for Tagnetics, Inc., Stephen Stern, Esq. (Stern@kaganstern.com), Douglas Draper, Esq. (ddraper@hellerdraper.com) and Leslie Collins, Esq. (lcollins@hellerdraper.com), and (iii) by **ordinary U.S. Mail** on February 14, 2020 addressed to:

Kenneth W Kayser
PO Box 115
Catawba, VA 24070

Ronald E. Early
6429 Winding Tree Drive
New Carlisle, OH 45344

Jonathan Hager
842 Paint Bank Road
Salem, VA 24153

MaryAnne Wilsbacher
Office of the United States Trustee
170 North High Street
Suite 200
Columbus, Ohio 43215

                                             */s/ Nicholas R. Oleski*
                                             Nicholas R. Oleski (0095808)